UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO,<br><br>                           Petitioner,<br><br>   v.<br><br>STANFORD NEW YORK, LLC d/b/a STANFORD HOTEL or HOTEL STANFORD<br><br>                           Respondent. | Civil Action No. |

# MEMORANDUM OF LAW IN SUPPORT OF UNION PETITION TO CONFIRM THREE LABOR ARBITRATION AWARDS

PITTA LLP
Barry N. Saltzman
(bsaltzman@pittalaw.com)
Andrew D. Midgen
(amidgen@pittalaw.com)
120 Broadway, 28th Floor
New York, NY  10271
Telephone:  212-652-3890
Facsimile:   212-652-3891

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

FACTS ........................................................................................................................................ 1

ARGUMENT .............................................................................................................................. 6

    I.   THE AWARDS SHOULD BE CONFIRMED AS DRAWING THEIR ESSENCE FROM THE DIVISION A CBA ............................................................................................. 6

        A.   The Awards On Their Face Meet Every Standard for Confirmation ........................... 6

        B.   Having Failed to Timely Move to Vacate, The Hotel May Not Belatedly Oppose The Awards Now ............................................................................................................... 11

    II.   THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST ............................. 12

    III.   THE COURT SHOULD AWARD POST-JUDGMENT INTEREST ........................... 13

CONCLUSION ......................................................................................................................... 14

i

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Alphonse Hotel Corp. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*,
  2004 WL 414836 (S.D.N.Y. Mar. 5, 2004) ........................................................................... 9, 10

*Finger Lakes Bottling Co. v. Coors Brewing Co.*,
  748 F. Supp. 2d 286 (S.D.N.Y. 2010)........................................................................................ 13

*Florasynth, Inc. v. Pickholz*,
  750 F. 2d 171 (2d Cir. 1989)............................................................................................... 11, 12

*Hotel Ass'n of N.Y. City, Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*,
  1996 WL 393562 (S.D.N.Y. July 15, 1996) ............................................................................... 8

*In re Arbitration Between Millicom Int'l V N.V. & Motorola, Inc., Proempres Panama, S.A.*,
  2002 WL 472042 (S.D.N.Y. Mar. 28, 2002) ............................................................................... 7

*Lewis v. Whelan*,
  99 F.3d 542 (2d Cir. 1996)........................................................................................................ 13

*Local Union No. 1 v. JPP Plumbing, LLC*,
  2014 WL 1311934 (S.D.N.Y. Mar. 27, 2014) ........................................................................... 12

*Local 38, Sheet Metal Workers Int'l Ass'n v. Duct Works Inc.*,
  2006 WL 36763 (S.D.N.Y. Jan. 4, 2006) .................................................................................. 12

*Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*,
  145 F.3d 85 (2d. Cir. 1998)....................................................................................................... 11

*Local 2006, Retail, Wholesale & Dep't Store Union, United Food & Commercial Workers v.
  Basic W*ear*, Inc*.,
  2016 WL 7469621 (S.D.N.Y. Dec. 28, 2016) ..................................................................... 12, 13

*Mandarin Oriental Mgmt., (USA) Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*,
  2014 WL 345211 (S.D.N.Y. Jan. 31, 2014) ................................................................................ 8

*Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*,
  1993 WL 485560 (S.D.N.Y. Nov. 24, 1993)................................................................... 8, 9, 10

*N.Y. City Dist. Council of Carpenters Pension Fund v. B&A Interiors, Ltd.*,
  2009 WL 233969 (S.D.N.Y. Jan. 22, 2009) .............................................................................. 12

*N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am. v. Ass'n of
  Wall-Ceiling & Carpentry Indus. of N.Y.*, Inc.,
  826 F.3d 611 (2d Cir. 2016).................................................................................... 6, 7, 10, 11

*N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Nikko of N.Y., Inc.*,
   1991 WL 168284 (S.D.N.Y. Aug. 22, 1991) ................................................................. 9

*Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*,
   820 F.3d 527 (2d Cir. 2016) ............................................................................. 7, 8, 11

*Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO*,
   2013 WL 5298332 (S.D.N.Y. Sept. 19, 2013) ........................................................ 7, 8

*New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*,
   2012 WL 4492384 (S.D.N.Y. Sept. 28, 2012) ........................................................... 13

*Pitta v. Hotel Ass'n of N.Y. City, Inc.*,
   806 F.2d 419 (2d Cir. 1986) ....................................................................................... 8

*Pitta v. Hotel Waldorf-Astoria Corp.*,
   644 F. Supp. 844 (S.D.N.Y. 1986) ............................................................................. 9

*United Paperworks Int'l Union v. Misco, Inc.*,
   484 U.S. 29 (1987) ................................................................................................ 7, 8

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*,
   363 U.S. 593 (1960) .............................................................................................. 7, 8

*United Steelworkers v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574 (1960) ................................................................................................... 7

*W. 63 Empire Assocs., LLC v. N.Y. Hotel & Motel Trades Council*,
   2009 U.S. Dist. LEXIS 60158 (S.D.N.Y. Mar. 31, 2009) ..................................... 8, 10

*Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*,
   737 F.2d 150 (2d Cir. 1984) ..................................................................................... 13

*Westerbeke Corp. v. Daihatsu Motor Co.*,
   304 F.3d 200 (2d Cir. 2002) ....................................................................................... 7

Statutes

28 U.S.C. § 1961(a) .......................................................................................................... 13

Rules

N.Y. C.P.L.R. §§ 5001 ...................................................................................................... 13

{00682845-1}

Petitioner, New York Hotel and Motel Trades Council, AFL-CIO ("Union") brings this action against Stanford New York, LLC d/b/a Stanford Hotel, also known as the Hotel Stanford ("Hotel"), to confirm three labor arbitration awards issued by the contractual industry arbitrator directing payment or posting of a bond to secure severance pay and health fund contributions due on behalf of the Hotel's laid off employees during a pandemic. (collectively, the "Awards"). The Awards draw their essence from the parties' collective bargaining agreement and its expansive arbitration clause, there are no valid grounds to vacate the Awards, and the Hotel persists in refusing to comply with the Awards. Accordingly, for the reasons set forth below, in the accompanying Declaration of Alyssa Tramposch (the "Tr. Decl." \_\_\_\_), and on all papers filed in this action, the Union's Petition to confirm the Awards should be granted.

## FACTS

### The Union and Relevant Contract Terms

The Union is a labor organization within the meaning of federal labor law that represents nearly 40,000 workers employed in the hotel, hospitality and gaming industries in New York State and Northern New Jersey. Tr. Decl. ¶¶ 2-3.

Terms and conditions of employment for workers represented by the Union for certain historically smaller boutique hotels and residences within the five boroughs of New York City are negotiated and governed by the Division A Collective Bargaining Agreement ("Div. A Agreement" or "Div. A CBA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Association") and Associated Hotels and Motels of Greater New York. Tr. Decl. ¶ 4. Among other provisions, the Div. A Agreement establishes a living wage (Art. IX and Schedule A), comprehensive health care (Art. XVI) and a secure retirement (Art. XVII and XVIII). Tr. Decl. ¶ 5.

The Div. A CBA also provides for severance pay with continued health care coverage in the case of a hotel closing as follows:

> Employees who are permanently laid off for any reason, including automation, construction or closing of the establishment, shall receive severance pay as follows:
> 1. Employees with one (1) to five (5) years of employment shall receive four (4) days of pay for each year of employment; and
> 2. Employees with greater than five (5) years of employment shall receive five (5) days of pay for each year of employment.
>
> In addition, the Employer shall contribute one (1) day of pay for each year of employment to the Health Benefit Fund for employees with one (1) to five (5) years of employment and two (2) days for each year of employment to the Health Benefit Fund for employees with greater than five (5) years of service.

(Art. XXIII and XXIV).  Tr. Decl. ¶¶ 6-7, Ex. A.

To resolve any and all disputes between the parties, the Div. A. CBA contains the broadest possible arbitration language in Article VIII, mandating that any and all disputes between the parties, including arbitrability, be decided exclusively by the Impartial Chairperson, a permanent industry arbitrator.  Tr. Decl. ¶ 8.  Div. A Agreement Article VIII provides, in relevant part:

> GRIEVANCE PROCEDURE
>
> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.

Tr. Decl. ¶ 9, Ex. A at Article VIII.  As a result of the very broad arbitral authority of the Office of the Impartial Chairperson ("OIC"), all disputes of any nature between the Union and industry

2

employers have been resolved peacefully, without labor strife and with only limited litigation.  Tr. Decl. ¶ 11.[1]

In March 2020, as a result of an unprecedented pandemic caused by the novel coronavirus ("COVID"), the then thriving New York region hospitality industry largely closed for indeterminate length.  Tr. Decl. ¶ 12.  Hotel industry occupancy plummeted from 77% in February 2020 to about 34% in March 2020.  Tr. Decl. ¶ 12.  Roughly 85% of workers represented by the Union were laid off, losing the steady income stream to support themselves and families, and facing imminent loss of health care coverage during a pandemic.  Tr. Decl. ¶ 12.  The crisis has not abated.  Tr. Decl. ¶ 12.

**Respondent Fails to Pay Prescribed Severance and Health Care During the Pandemic**

Stanford New York, LLC d/b/a The Hotel Stanford a/k/a The Stanford Hotel (the "Hotel") is an employer within the meaning of federal labor law that entered into the Div. A Agreement with the Union.  Tr. Decl. ¶ 13, Ex. B.

The Hotel permanently closed on or about April 11, 2020, laying off its Union represented employees.  Tr. Decl. ¶ 14.  By letter to the Union dated April 11, 2020, the Hotel informed the Union of the Hotel's "decision to close the business permanently" and acknowledged severance and benefits due to "the employees who will be impacted by this closing."  Tr. Decl. ¶ 14, Ex. C.

---

[1] For employees in New York City, the Industry Wide Agreement between the Union and Hotel Association ("IWA"), at Article 26(A), echoes the Div. A CBA's broadest possible arbitration language, providing in relevant part: "All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article."  Tr. Decl. ¶ 10.

However, notwithstanding the express obligations of Div. A CBA Articles XXIII and XXIV, the Hotel has to date failed to make the requisite payments to its terminated employees or health benefit fund contributions on their behalf.  Tr. Decl. ¶ 15.

**The Union Wins OIC Awards No. 2020-57, 2020-63R and 2020-90 (the "Awards")**

Consequently, the Union demanded arbitration of the Hotel failure before the Impartial Chairperson pursuant to Article VIII of the Div. A Agreement.  Tr. Decl. ¶ 16, Ex. D.

The Union and Hotel, by respective counsel and managers, presented their respective positions by evidence and argument to Impartial Chairperson Elliott Shriftman at hearing on June 30, 2020.  Tr. Decl. ¶ 17.  The Impartial Chairperson rendered his Award 2020-57 dated July 9, 2020 (the "July Award") in favor of the Union.  Tr. Decl. ¶ 18, Ex. E.

In the July Award, Impartial Chairperson Shriftman addressed the parties' arguments, noted the Union's spreadsheet calculation of amounts due, and applied Div. A. CBA Articles XXIII and XXIV and OIC arbitral precedent to reach his decision.  The IC held:

> Because a bond posting is a remedy available to the Union under the Agreement, unless by the date of the issuance of this award, the aforementioned payments were made to the employees and the Health Benefit Fund consistent with the cited articles of the CBA, the Hotel will be required to post a bond, based on the formula set forth in the CBA and described by the Union in its spreadsheet, with appropriate offsets for payments made between the hearing date and the date of this award. I retain jurisdiction as requested by the Union to allow it, through its request for information, or through information otherwise obtained, to modify the amount of the bond if it learns that the Employer's indebtedness exceeded what the Union believed initially was owed. The Chairperson's retention of jurisdiction includes the right of both sides to return this matter to me for a supplemental award. If no application is made within fourteen days, this award shall be deemed final and binding.

Tr. Decl. Ex. E.  The OIC served the July Award on the Hotel by email dated July 9, 2020.  Tr. Decl. Ex. F.

4

By letter brief dated July 23, 2020, Hotel counsel acknowledged receipt and requested reconsideration of the July Award. Tr. Decl. ¶ 19, Ex. G. In response, by letter brief dated July 24, 2020, Union counsel opposed reconsideration and requested that the arbitrator order posting of a bond in amounts stated. Tr. Decl. ¶ 20, Ex. H.

The Impartial Chairman, having reviewed the letter briefs of the Hotel and Union, ruled on the parties' respective positions by reconsideration award No. 2020-63R on July 29, 2020 (the "Reconsideration Award"), reaffirming his original order for a bond posting. Tr. Decl. ¶ 21, Ex. I. In doing so, the Impartial Chairperson cited both prior arbitral precedent from the parties' letters and the broad arbitration clause of the Div. A Agreement. Tr. Decl. Ex. I. In closing, Impartial Chairman Shriftman noted the parties' disagreement concerning the exact amounts due, encouraged them to attempt resolution, and directed a hearing to determine those amounts if they continued to disagree. Tr. Decl. Ex. I. The Office of the Impartial Chairperson, by Administrator Pamela Ozoria, served the Reconsideration Award on all parties, the Hotel Association and their counsel, including Hotel counsel "Jimmy Song <jimmy@songlegal.com>" by email dated July 29, 2020. Tr. Decl. ¶ 22, Ex. J.

Impartial Chairperson Shriftman held a hearing on the parties' competing unresolved positions on September 22, 2020. Tr. Decl. ¶ 23. The Hotel appeared by its Assistant General Manager and counsel. Tr. Decl. ¶ 23. The Union appeared by its agents and counsel. Tr. Decl. ¶ 23. Each party presented such evidence and argument as it desired in addition to their submissions at hearing on June 30 and their respective July letter briefs. Tr. Decl. ¶ 23.

Impartial Chairman Shriftman issued his supplemental Award No. 2020-90 on November 9, 2020 (the "November Award"). Tr. Decl. ¶ 24, Ex. K. The Chairman largely repeated his July Award on p. 1, adding the amounts due based on the parties' respective evidence on p. 2, totaling

5

$1,127,525.91.  Tr. Decl. Ex. K.  He concluded:  "I find that the foregoing are the amounts due and for which the Employer must post a bond in the same amount subject to reduction by payments made consistent with this award."  Tr. Decl. Ex. K.  The 2016 Award was served upon counsel to the Hotel and counsel to the Union via email by the OIC on November 9, 2020.  Tr. Decl. ¶ 25, Ex. L.

To date, though duly demanded, the Hotel has failed and refused, and continues to refuse, to comply with the Awards.  Tr. Decl. ¶ 26.

## ARGUMENT

### I.

### THE AWARDS SHOULD BE CONFIRMED AS DRAWING THEIR ESSENCE FROM THE DIVISION A CBA

The Awards should be confirmed because the Impartial Chairperson carefully grounded his holdings and relief in the expansive provisions of the Div. A Agreement as well as industry practice and awards validating the OIC's vital, longstanding authority as arbiter for New York City's hotel industry. Inasmuch as overwhelming precedent mandates confirmation and no grounds exist to vacate, the Awards should be confirmed.

#### A. The Awards On Their Face Meet Every Standard for Confirmation

As emphasized by the Court of Appeals, "a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am. v. Ass'n of Wall-Ceiling & Carpentry Indus. of N.Y., Inc.,* 826 F.3d 611, 618 (2d Cir. 2016)*.*  The courts' "very limited" duty "is simply to determine 'whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement.'"  *Id.*  "[A]s long as 'the arbitrator was *even arguably* construing or applying the contract and acting within the scope of his

6

authority and did not ignore the plain language of the contract,' the award should ordinarily be confirmed." *Id.* (emphasis added). Indeed, courts confirm arbitration awards "if . . . able to discern any colorable justification for the arbitrator's judgment." *Westerbeke Corp. v. Daihatsu Motor Co.,* 304 F.3d 200, 212 n.8 (2d Cir. 2002).

Federal labor policy favoring arbitration necessarily extends to arbitral remedies. *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Where it is contemplated that the arbitrator will determine remedies . . . courts have no authority to disagree with his honest judgment in that respect."); *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960) (judicial deference to arbitrators' expertise and judgment "is especially true when it comes to formulating remedies," requiring "flexibility in meeting a wide variety of situations. . . ."); *Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 13 CIV. 2399 KPF, 2013 WL 5298332, at **9, 10 (S.D.N.Y. Sept. 19, 2013) (award of liability and relief confirmed); *In re Arbitration Between Millicom Int'l V N.V. & Motorola, Inc., Proempres Panama, S.A.*, No. 01 CIV. 2668 (SHS), 2002 WL 472042, at *6 (S.D.N.Y. Mar. 28, 2002) (arbitrators enjoy broad remedial discretion).

Judicial deference to both liability and remedy derives from bedrock federal labor policy "promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration. . . ." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n,* 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). "Under this framework of self-government, the collective bargaining agreement is not just a contract, but 'a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate.'" *Id*. (quoting *Warrior*, 363 U.S. at 578). Arbitrators chosen for their "expertise in the particular business" bring their interpretation

7

and judgment in applying "the 'industrial common law of the shop' to the various needs and desires of the parties," becoming "part and parcel of the ongoing process of collective bargaining." *Id.* (citing *Misco*, 484 U.S. at 38); *see also Enter. Wheel & Car Corp.*, 363 U.S. at 596 (arbitrators require "knowledge of the custom and practices . . . of a particular industry"). In effectuating this process, arbitrators properly interpret both express and implied terms of the agreement, guided by a variety of sources, including prior industry practice and awards. *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, No. 93 CIV. 2708 (SS), 1993 WL 485560 \*\*6, 11 (S.D.N.Y. Nov. 24, 1993).

For over a quarter century, the Court of Appeals for the Second Circuit and its district courts have uniformly afforded OIC awards just such wide deference, consistent with the extraordinarily broad arbitration language of IWA Article 26, encompassing "[a]ll complaints, disputes . . . arising between the parties hereto involving . . . any acts, conduct or relations between the parties, directly or indirectly. . . ." Tr. Decl. ¶ 10. Construing this arbitration clause, the Second Circuit has stated: "No grievance - either specific or general - is excluded from this broad coverage." *Pitta v. Hotel Ass'n of N.Y. City, Inc.*, 806 F.2d 419, 422 (2d Cir. 1986).

The district courts of this Circuit have loyally followed suit by giving OIC arbitration awards vigorous enforcement. *See, e.g., Mandarin Oriental Mgmt., (USA) Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 CIV. 3984 RMB, 2014 WL 345211 (S.D.N.Y. Jan. 31, 2014) (Judge Berman confirming award applying IWA organizing); *Neshgold*, 2013 WL 5298332 (Judge Failla confirming liability and remedy award); *W. 63 Empire Assocs., LLC v. N.Y. Hotel & Motel Trades Council,* 2009 U.S. Dist. LEXIS 60158 (S.D.N.Y. Mar. 31, 2009) (Judge Preska confirming award rejecting res judicata and manifest disregard arguments); *Hotel Ass'n of N.Y. City, Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 95 CIV 9521(PKL) 1996 WL

8

393562 (S.D.N.Y. July 15, 1996) (Judge Leisure confirming award to fill in an IWA gap in accordance with arbitrator's perception of the parties' intent); *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, 1993 WL 485560 (Then Judge Sotomayor confirming award applying the "wisdom" of industry practice and prior decisions); *N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Nikko of N.Y., Inc.*, No. 91 CIV. 0755 (DNE), 1991 WL 168284 (S.D.N.Y. Aug. 22, 1991) (Judge Edelstein confirming award and holding employer bound when employer argues issues); *Pitta v. Hotel Waldorf-Astoria Corp.*, 644 F. Supp. 844, 846 (S.D.N.Y. 1986) (Judge Weinfeld confirming award "[i]n view of the broad powers granted to the Impartial Chairman. . . ."); *See also Alphonse Hotel Corp. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 03 CIV. 1992 (DC), 2004 WL 414836 (S.D.N.Y. Mar. 5, 2004) (District Judge Chin dismissing this hotel's complaint, deferring to OIC arbitration pursuant to the broadest possible IWA arbitration provisions), *aff'd*, 117 F. App'x 803 (2d Cir. 2005).

A review of the Awards clearly confirms that the Chairperson far surpassed the judicially-crafted minimalist standard for review of arbitral awards.

In the July Award, No. 2020-57, Impartial Chairman Shriftman cited and applied the relevant provisions of the Div. A Agreement, "closure pay in accordance with Article XXIII and severance pay in accordance with Article XXIV of the CBA." Tr. Decl. Ex. E. He applied those provisions to the parties' evidence of amounts due. Then, the Chairman fashioned a remedy, exactly as Supreme Court precedent encourages, to meet the exigencies of the situation. He could have simply ordered Hotel payment, but, instead, in consideration of the Hotel's situation, ordered a bond with offsets for any payments if made. This bond remedy, in his view, balanced the parties' interests, in compliance with industry awards and precedent authorizing just such remedy.

9

When Hotel counsel sought reconsideration of the award, IC Shriftman reviewed the parties opposing letter briefs. See Hotel letter Ex. G and Union letter Ex. H to the Tr. Decl., arguing the bond issue based on the *Roosevelt Awards*, No. 95-98 and No. 95-106.[2] Having carefully reviewed all arguments, the Chairman reaffirmed his July Award, citing both prior precedent from the parties' letters and the Div. A CBA broad arbitration clause. Tr. Decl. Ex. I. The November Award, No. 2020-90, rendered to resolve the remaining calculation dispute, repeats the arbitrator's reasoning and adds the amounts due as drawn from Hotel and Union calculations. Based on the above and prior Awards, the Impartial Chairman again ordered that "the Employer must post a bond in the same amount subject to reduction by payments made consistent with this award." Tr. Decl. Ex. K.

The Impartial Chairperson's reliance on contract, party practice and industry "common law" in rendering the Awards, all steadfastly supported by judicial authority, mandates affirmance here. *N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am.,* 826 F.3d at 619 (court affirms arbitrator who applied party practice to ensure industrial stability); *W. 63 Empire Assocs.,* 2009 U.S. Dist. LEXIS 60158, at *9 (affirming award based on IWA and OIC decisions); *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, 1993 WL 485560 (same). As in those decisions, Chairman Shriftman rooted his Awards in the provisions of the Div. A CBA which he carefully construed and applied, and in OIC arbitral precedent on issue, supported by decisions of this Court enforcing OIC Awards directly apposite

---

[2] These Roosevelt awards ordering a bond in the case of a hotel closing were confirmed by the U.S. District Court for the Southern District of New York, and the employers' appeal was dismissed by mandate of the U.S. Court of Appeals for the Second Circuit. *The Roosevelt Hotel v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 95-cv-05016 (AGS) (S.D.N.Y. Mar. 14, 1996) (Petitioner was unable to find a readily available citation to a legal research database), *appeal dismissed with prejudice*, 96-7325 (2d Cir. Apr. 3, 1997).

to this case. The arbitrator's analysis thus, far more than arguably, applies the Div. A Agreement within the scope of his authority. *N.Y. City & Vicinity Dist. Council of United Bhd. Of Carpenters & Joiners of Am.*, 826 F.3d at 618. Such construction breathes life into the parties' purpose of avoiding labor strife, and puts muscle into ensuring compliance with requirements of contract and rulings of industry arbitration, just as directed by the Court of Appeals and Supreme Court, all "part and parcel of the ongoing process of collective bargaining." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. Meeting every touchstone of precedent and policy, the Awards should be confirmed directly in all respects.

### B. Having Failed to Timely Move to Vacate, The Hotel May Not Belatedly Oppose The Awards Now

The Hotel also failed to timely move to vacate any of the Awards within the requisite ninety (90) days. Consequently, in addition to there being no grounds contrary to confirmation, the Hotel stands barred from contesting the authority, holdings or remedies of the Awards on limitations grounds.

In *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, the Second Circuit Court of Appeals expressly rejected a hotel's affirmative defense that the arbitrator even lacked jurisdiction to issue his award when raised by the hotel more than 90 days following the award. 145 F.3d 85, 87, 89 (2d Cir. 1998). The Court of Appeals rejected the employer's contention that it could attack the arbitrator's jurisdiction more than 90 days after the award in response to the union's action to confirm, as "at loggerheads with the role of arbitration in the LMRA" and conflicting with the "underlying purposes of the arbitration mechanism." *Id.* at 89 (quoting *Florasynth, Inc. v. Pickholz,* 750 F. 2d 171, 176 (2d Cir. 1989)). Rather, the Court of Appeals squarely held that:

> grounds for vacating an arbitration award may not be raised as an affirmative defense after that period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days).

*Id; See also Local Union No. 1 v. JPP Plumbing, LLC.*, 12-CV-2034 (DLI)(RLM), 2014 WL 1311934 (S.D.N.Y. Mar. 27, 2014) (answer and cross-petition to vacate barred where party moved 11 months after the award); *N.Y. City Dist. Council of Carpenters Pension Fund v. B&A Interiors, Ltd.*, No. 07 Civ. 5620 (RJS), 2009 WL 233969 (S.D.N.Y. Jan. 22, 2009) (objection to liquidated damages time barred); *Local 38, Sheet Metal Workers Int'l Ass'n v. Duct Works Inc.*, No. 03 CIV. 7500, 2006 WL 36763, at *3 (S.D.N.Y. Jan. 4, 2006) (affirmative defenses, including fraud, barred because failure to file a motion to vacate within 90 days "is fatal to cases brought to federal court under the LMRA").

The Hotel has never yet moved to vacate any of the Awards. The Hotel received the July Award on or about July 9, acknowledging and requesting reconsideration of the July Award by letter dated July 23, 2020. Tr. Decl. Exs. F, G. Similarly, the Hotel received the Reconsideration Award on July 29, 2020. Tr. Decl. Ex. J. Finally, the Hotel received a copy of the November Award on or about November 9, 2020. Tr. Decl. Ex. L. Nevertheless, the Hotel did not move to vacate the Awards at any time between the latest possible date of November 9, 2020 and ninety days later, February 8, 2020. Accordingly, under well-established precedent of this Court, the Hotel cannot challenge the Awards now, even if a ground to challenge existed, which there is not.

**II.**

**THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST**

"New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Local 2006, Retail, Wholesale & Dep't Store Union, United Food & Commercial Workers v. Basic Wear, Inc.*, No. 16 CIV. 624 (PAE), 2016 WL

12

7469621, at *3 (S.D.N.Y. Dec. 28, 2016) (quoting *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010)); *see also Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (noting a presumption in favor of pre-judgment interest). Courts in the Second Circuit grant pre-judgment interest at a rate of nine percent (9%). *Basic Wear, Inc.*, 2016 WL 7469621, at *3; *see also* N.Y. C.P.L.R. §§ 5001-04. Some courts suggest that a collective bargaining agreement must state that an arbitration award is "final and binding" for pre-judgment interest to be awarded. *See New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 CIV. 7074 HB, 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012). Since Div. A CBA Article VIII recognizes that New York law governs and that OIC benefits awards are "final and binding," Petitioners should be awarded 9% pre-judgment interest. Tr. Decl. Ex. A.

### III.

### THE COURT SHOULD AWARD POST-JUDGMENT INTEREST

Petitioners are additionally entitled to post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). The Second Circuit recognized that Section 1961 renders post-judgment interest "mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Basic Wear, Inc.*, 2016 WL 7469621, at *4 (post-judgment interest applies to actions to confirm arbitration awards). Accordingly, the Court should award post-judgment interest.

**CONCLUSION**

The Awards fully meet every standard for confirmation. Respondents have no basis to ignore industry contract, abandon arbitral precedent and practice, or flout this Court's consistent confirmation of OIC arbitration awards cited herein. And they are too late to do so even if they could, which they cannot. Accordingly, the Petition to confirm the Awards should be granted.

The Union respectfully requests an Order be made and entered:

a. Confirming the Awards of Chairperson Elliott Shriftman, Nos. 2020-57, 2020-63R and 2020-90 and ordering compliance therewith;

b. Granting the Union pre-judgment interest from the date of Award 2020-90, i.e. from November 11, 2020 and post-judgment interest; and

c. Granting such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 9, 2021

                                          Respectfully submitted,

                                          PITTA LLP
                                          *Attorneys for Petitioner Union*

                                          By:_____/s_____
                                                    Barry N. Saltzman
                                                    (bsaltzman@pittalaw.com)
                                                    Andrew D. Midgen
                                                    (amidgen@pittalaw.com)
                                                    120 Broadway, 28th Floor
                                                    New York, New York 10271
                                                    (212) 652-3890 (phone)
                                                    (212) 652-3891 (fax)