UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO,<br><br>               Petitioner,<br><br>   v.<br><br>STANFORD NEW YORK, LLC d/b/a STANFORD HOTEL or HOTEL STANFORD,<br><br>               Respondent. | Case No. 1:21-cv-02012 |

**RESPONDENT'S BRIEF IN OPPOSITION TO PETITIONER'S PETITION TO CONFIRM ARBITRATION AWARD**

**TABLE OF CONTENTS**

                                                                                                                         Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

CONCLUSION ........................................................................................................................ 2

# **TABLE OF AUTHORITIES**

Pages

Cases

Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S,

333 F.3d 383, 388 (2d Cir. 2003) .................................................................................1

Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992) ...................2

Island Creek Coal Sales Co. v. City of Gainesville, 764 F.2d 437 (6th Cir. 1985) ...........2

United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987) ...........................1

Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,

103 F.3d 9, 12 (2d Cir. 1997) .................................................................................1


Statutes

9 U.S.C. § 11 (2009) .................................................................................1,2

**PRELIMINARY STATEMENT**

Respondent Stanford New York, LLC (hereinafter "Stanford Hotel"), and through undersigned counsel, hereby submits its memorandum of law in Opposition to Petitioner's Petition to Confirm Arbitration Award ("Petition to Confirm"). Respondent respectfully requests the Court to take into consideration the voluntary payments made to the Petitioner and if the Court were to confirm the Award, to adjust the amount of the Award accordingly.

**ARGUMENT**

The showing required to avoid summary confirmation of an arbitration award is a lofty one, and the party moving to vacate an award bears a heavy burden of proof. See e.g., Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997). Arbitration awards are "subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "[C]ourts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987).

Here, the Respondent is not requesting the Court to vacate the Award, but rather requesting the entry of the correct amount due under the Award. Under the Federal Arbitration Act, the Court may issue clarifying orders to ensure enforcement of the Award is correct. See 9 U.S.C. § 11 (2009)(a court "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties"). Moreover, where "the arbitrator resolved all claims before him,

leaving to the district court only the ministerial computation of the amount owed to [the petitioner]," a district court may quantify the amount due under the award. <u>Flender Corp. v. Techna-Quip Co.</u>, 953 F.2d 273, 280 (7th Cir. 1992). <u>See</u> also <u>Island Creek Coal Sales Co. v. City of Gainesville</u>, 764 F.2d 437 (6th Cir. 1985) (where a party refuses to make payments required by an arbitration award, the district court has authority under § 11 to quantify the amount this party owes).  It is therefore completely within the Court's authority to consider the voluntary payments made to the Petitioner and if the Court were to confirm the Award, to adjust the amount of the Award accordingly.

## **CONCLUSION**

For the foregoing reasons the Court should requests that in the event this Court states a sum certain on the order, that the Award is reduced by $234,901.15, which represents the amount paid by the Respondent to Petitioner to date.

Dated: Flushing, New York	Respectfully submitted by,

March 19, 2021	**Law Office of Jimmy J. Song, LLC**

BY:___/s/_____
Jimmy Song
(jimmy@songlegal.com)
136-56 39th Avenue, Suite 2
Flushing, NY 11354-5598
Tel: 551-900-3705
Fax:551-237-7175
*Attorneys for Respondent*

2