UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO,

                Petitioner,

v.

STANFORD NEW YORK, LLC d/b/a STANFORD HOTEL d/b/a HOTEL STANFORD

                Respondent.

Civil Action No. 1:21-cv-02012-PAE

# REPLY MEMORANDUM OF LAW IN SUPPORT OF UNION PETITION TO CONFIRM THREE LABOR ARBITRATION AWARDS

PITTA LLP
Barry N. Saltzman
(bsaltzman@pittalaw.com)
Andrew D. Midgen
(amidgen@pittalaw.com)
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212-652-3890
Facsimile:  212-652-3891

{00683708-3}

## **TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | ---: |
| I.  | THE AWARDS SHOULD BE CONFIRMED | 1 |
| II. | RESPONDENT'S AFFIRMATIVE DEFENSE OF FRACTIONAL PAYMENT SHOULD BE REJECTED AS SUPERFLUOUS | 1 |
| III. | SECOND CIRCUIT AUTHORITY BARS RESPONDENT'S UNTIMELY DEFENSE | 3 |
| IV. | THE COURT SHOULD AWARD PRE AND POST JUDGMENT INTEREST | 3 |
| CONCLUSION | | 4 |

Petitioner, New York Hotel and Motel Trades Council, AFL-CIO ("Union") submits this Reply Memorandum of Law in further support of its Motion to confirm three labor arbitration awards issued by the contractual industry arbitrator against Stanford New York, LLC d/b/a Stanford Hotel, also known as the Hotel Stanford ("Hotel"), directing payment or posting of a bond to secure severance pay and health fund contributions earned by and due on behalf of the Hotel's laid off employees during a pandemic. (collectively, the "Awards").

### I. THE AWARDS SHOULD BE CONFIRMED

As set forth in the Union's Petition, (Doc. 1) Memorandum of Law ("MOL" Doc. 5), and Declaration of Alyssa Tramposch with exhibits (Doc. 4) (collectively, the "Union's Motion"), the Awards draw their essence from the parties' collective bargaining agreement and its expansive arbitration clause, there are no valid grounds to vacate the Awards, and the Hotel persists in refusing to comply with the Awards. Indeed, Respondent does not oppose confirmation of the Awards. Accordingly, for the reasons set forth in the Union's Motion, including the accompanying Declaration of Alyssa Tramposch (the "Tr. Decl." Doc. 4), and on all papers filed in this action, the Union's Petition to confirm the Awards should be granted.

### II. RESPONDENT'S AFFIRMATIVE DEFENSE OF FRACTIONAL PAYMENT SHOULD BE REJECTED AS SUPERFLUOUS

Respondent requests that the amount of the bond set in the November Award, No. 2020-90 (Nov. 9, 2020) should be reduced from $1,127,525.54 by the amount of payments Respondent allegedly made, which the Hotel totals as $234,901.15, to a bond of $892,624.76. All the Awards, including the November Award, provide for "reduction by payments made consistent with this award". Tr. Decl. Doc. 4 at Ex. E and paragraph 18, Ex. I and paragraph 21, and Ex. K and paragraph 24. The Awards also retain the arbitrator's jurisdiction, consistent with the authority of the Office of the Impartial Chairperson ("OIC"). *Id.* Accordingly, there is no need for the Court

to do more than confirm the Awards as stated. The parties can then fix the amount themselves, or if they do not agree, refer any dispute to the Impartial Chairperson, exactly as prescribed by their collective bargaining agreement ("CBA"), Tramposch Decl. Doc. 4, paragraphs 8-11 and Ex. A.

Respondent's request that the Court do more is not only unnecessary but inapposite. Neither of the extra circuit cases Respondent cites for reduction involve a labor arbitrator's continuing jurisdiction under the parties' CBA as well as his express retention of jurisdiction as here to set the specific amount taking into account any payments made before or after the Awards are confirmed. However, both cases correctly stress the policy requirement to expeditiously confirm awards. *Flender Corp. v. Techna Quip Co.*, 953 F.2d 273, 279-280 (7th Cir. 1992), *Island Creek Coal Sales Co. v. City of Gainsville*, 764 F.2d 437, 441-42 (6th Cir. 1985). That policy militates for immediate confirmation in full, all the more where, as here, the payment or bond is necessary to assure laid off employees, however belatedly, the pay they earned and due them to feed, house and clothe their families during an unprecedented health and industry economic crisis. Tramposch Decl. Doc. 4, paragraphs 12-15 and 25-31. Allowing the Hotel to pay out its obligations in drips and drabs over many months defeats the fast and efficient purpose of arbitration and deprives the Hotel's workers of the earned pay they desperately need now. Accordingly, should the Court reduce the bond or payment amount to $892,624.76 to reflect claimed Hotel payments, the reduction should be "specifically conditioned" upon the Hotel "making payment [or bond of $892,624.76] within thirty days from entry of this opinion," absent which a bond for the full $1,127,525.54 should be posted. *Island Creek Coal Sales Co.*, 764 F.2d at 442.

2

Case 1:21-cv-02012-PAE   Document 13   Filed 03/30/21   Page 5 of 6

## III.  SECOND CIRCUIT AUTHORITY BARS RESPONDENT'S UNTIMELY DEFENSE

In any event, as established in Argument I (B) of the Union's MOL, Respondents are untimely in raising any affirmative defenses to confirmation of the Awards verbatim. See, e.g. *Local 802, Assorted Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 87-89 (2d Cir. 1998); *Local 38, Sheet Metal Workers Int'l Ass'n v. Duct Workers, Inc.* No. 03-CIV-7500, 2006 WL 36763 (S.D.N.Y. Jan. 4, 2006); *N.Y. City Dist. Council of Carpenters Pension Fund v. BOA Interiors, Ltd.* No. 07-CIV-5620 (RJS), 2009 WL 233969 (S.D.N.Y. Jan. 22, 2009). It is undisputed that the Hotel never brought an action to vacate, modify or set an alternative amount of the Award within 90 days of receipt of the Awards. Tramposch Decl., Doc. 4 at paragraphs 25-30. Respondent should not be permitted to evade the mandatory limitations period. Rather, the Court should confirm the Awards in their entirety, leaving any reduction in bond amount to the parties or arbitrator as contemplated in the Award.

## IV.  THE COURT SHOULD AWARD PRE AND POST JUDGMENT INTEREST

In the interest of efficient fulfillment of payments due the laid off Hotel employees, both the requisite pre and post judgment interest can be computed based on the undisputed minimum amount owed to the Hotel's laid off employees - $892,624.76.

Of course, should the Court set an amount reduced from the November Award, whether for payment, bond or interest computation, nothing therein should impair the continuing jurisdiction or scope of arbitration granted to the OIC by the parties in their CBA in the event additional amounts turn out to be due. Tramposch Decl, Doc. 4, paragraphs 8, 9 and 11 and Ex. K.

3

{00683708-3}

## CONCLUSION

The Awards undisputedly and fully meet every standard for confirmation. Respondent offers no basis to ignore industry contract, abandon arbitral precedent and practice, or flout this Court's consistent confirmation of OIC arbitration awards cited in the Union's Motion MOL. And they are too late to do so even if they could, which they cannot. Accordingly, the Petition to confirm the Awards should be granted. For the reasons and upon the authority set forth in the Union's Motion and herein, the Union respectfully requests an Order be made and entered:

a. Confirming the Awards of Chairperson Elliott Shriftman, Nos. 2020-57, 2020-63R and 2020-90 and ordering compliance therewith;

b. Granting the Union pre-judgment interest from the date of Award 2020-90, i.e. from November 11, 2020 and post-judgment interest, both from the undisputed minimum principal amount of $892,624.76; and

c. Granting such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
March 30, 2021

Respectfully submitted,

PITTA LLP
*Attorneys for Petitioner Union*

By: _____/s_____
 Barry N. Saltzman
 (bsaltzman@pittalaw.com)
 Andrew D. Midgen
 (amidgen@pittalaw.com)
 120 Broadway, 28th Floor
 New York, New York 10271
 (212) 652-3890 (phone)
 (212) 652-3891 (fax)

4

{00683708-3}